IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SALIM SILLAH,                           :      CIVIL ACTION NO. **4:CV-07-2005**
                                        :
      Petitioner              :      (Judge McClure)
                                        :
      v.                      :      (Magistrate Judge Blewitt)
                                        :
WARDEN, York County Prison              :
Immigration Division, et al.,           :
                                        :
      Respondents             :

## REPORT AND RECOMMENDATION

**I. Background.**

    The Petitioner, Salim Sillah,[1] formerly an inmate at the York County Prison ("YCP"), York,

Pennsylvania and now released from BICE's custody on an Order of supervision, (Doc. 12, Ex. 1 ),

filed, through counsel, this Petition for Writ of Habeas Corpus on July 30, 2007, pursuant to

28 U.S.C. § 2241.   Petitioner incorrectly filed his petition in the Eastern District of Pennsylvania

("E.D. Pa."), and it was transferred to this Court *via* an Order issued on September 24, 2007, since

venue was not proper in the Eastern District of Pennsylvania.   Petitioner was confined in the Middle

District of Pennsylvania and, thus, this District Court had jurisdiction over his Petition.   *See Rumsfeld*

*v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of

confinement).

---

    [1]The docket incorrectly spells Petitioner s first name as "Slim," and the Clerk of Court is
directed to change it to "Salim." *See* Doc. 12, Ex. 1.

This Court received Petitioner's case on November 2, 2007.  Petitioner named as a Respondent the Warden at YCP.  (Doc. 1).[2]  Petitioner paid the required filing fee in the E.D. Pa.  We ordered service of Petitioner's Habeas Petition on Respondents, and directed Respondents to file their response to it.  (Doc. 2).

On November 28, 2007, the government, on behalf of Respondents,  submitted a Response and Exhibits (Exs. 1-4) in support thereof.  (Doc. 6).  Petitioner filed a 15-page Traverse on December 9, 2007.  (Doc. 7).  On January 22, 2008, Petitioner filed a Supplemental Response to Respondents' Response.  (Doc. 8).  In his Supplemental Response, Petitioner indicated that his presumptively reasonable six-month detention period would expire on February 4, 2008.  Petitioner argued that since he was in BICE custody from September 2006, since  his appeal of his August 8, 2007 removal order to the Third Circuit was still pending, and since his removal was not imminent, he should be immediately released from custody.  (Doc. 8).

Because Petitioner's presumptively reasonable six-month detention period had expired (*i.e.* as of about February 8, 2008) and Respondents' sole argument in their original Response was that Petitioner's Habeas Corpus Petition was premature as he was still in his six-month presumptive period at the time, the Court issued an Order and directed Respondents to file a Supplemental Response.  Specifically, on  February 14, 2008, the Court issued an Order (Doc. 10)  and directed:

> 1.  Respondents are directed, within ten (10) days of the date of this Order, to file a Supplemental Response to Petitioner's Habeas Corpus Petition, since Petitioner is no longer within the presumptively reasonable six-month detention period (*i.e.* as of about February 8, 2008), and Respondents' original

---

[2]We note that Petitioner named a proper Respondent, *i.e.* Warden at YCP.  *See* 28 U.S.C. §§ 2242 and 2243.

November 28, 2007 Response was filed when Petitioner's six-month presumptively reasonable period had not yet expired. (Doc. 6, pp. 4-5, Ex. 4).[3]

2. Respondents are directed to indicate if Petitioner has been scheduled for a custody review pursuant to *Zadvydas,* or if Petitioner has had a custody review.

3. Petitioner may file a reply to Respondents' Supplemental Response within ten (10) days of its filing.

On February 29, 2008, Respondents filed their Supplemental Response to the Habeas Petition, with several Exhibits (Exs. (A-F), pursuant to the February 14, 2008 Order. (Doc. 11).

On March 6, 2008, Respondents filed a Notice of Release from custody. (Doc. 12). Respondents argue that, since BICE has decided to release Petitioner under an Order of Supervision on March 4, 2008, Petitioner's request for release in his Habeas Petition is now moot.

The Petition is presently ripe for disposition.[4]

Since we agree with Respondents that Petitioner's Habeas Petition is now moot, we shall not detail the factual background with respect to Petitioner's present claims. Suffice to say that Petitioner was challenging his continued detention by BICE since September 2006, and he essentially requested that this Court direct Respondents to immediately release him from custody while his appeal of his August 8, 2007 removal order is pending. (Doc. 1, p. 5). Further, we accept

---

[3]Respondents' original and sole argument in their Response was that Petitioner's Habeas Corpus Petition was premature.

[4]Petitioner's allotted time to file a reply to Respondents' February 29, 2008 Supplemental Response was within ten (10) days of Respondents' filing, *i.e.,* March 10, 2008. To date, Petitioner has not submitted any further filings. In any event, since we find his Habeas Petition now moot, we see no reason to delay the disposition of this case. Further, if Petitioner does not agree that his Habeas Petition is moot, he can certainly file objections with the District Court to this Report and Recommendation.

and incorporate by reference the background as stated in Petitioner's Habeas Petition, as well as Respondents' Response (Doc. 6) and Petitioner's Traverse (Doc. 7), since they are largely supported by the record as provided by Petitioner's and Respondents' exhibits.  In fact, Petitioner states in his Supplemental Traverse that he has an appeal of his removal order pending with the Third Circuit Court of Appeals as of January 22, 2008, *via* a Petition for Review, seemingly with respect to an adverse decision to Petitioner of the Bureau of Immigration Appeals' ("BIA").  In their February 29, 2008 Supplemental Response, Respondents indicate that Petitioner appealed, to the BIA, the IJ's April 25, 2007 Order denying his applications for relief from removal and order that he be removed from the United States to Liberia.  Respondents state that on August 8, 2007, the BIA dismissed Petitioner's appeal.  Respondents then state that on September 5, 2007, Petitioner appealed the BIA's decision to the Third Circuit, and that his appeal was procedurally terminated on January 30, 2008, without judicial action due to default.  (Doc. 11, p. 2).  Respondents' Exhibits B-D attached to their Supplemental Response support their updated procedural background.[5]

---

[5]Petitioner's appeal challenging his Removal Order was docketed at C.A. No. 07-3626. (Doc. 11, Ex. D).  Along with his Petition for Review filed with the Third Circuit, Petitioner filed a Motion for Appointment of Counsel requesting the Court to appoint Petitioner's present habeas counsel, Attorney Frank Marcone.  However, the Third Circuit denied this motion, stating that Mr. Marcone "is not a member in good standing of this court's bar and cannot represent Petitioner" in his appeal.  (Doc. 11, Ex. D, pp. 2-3).

A review of the record in our case revealed that Mr. Marcone did not file for admission before the Middle District of Pennsylvania *pro hac vice*, and the Clerk of Court's Office advised that they did not have any record of admission of Mr. Marcone to this Court. Even if Mr. Marcone had been admitted to the Eastern District of Pennsylvania, where he first filed this case, he has had more than ample time, since the Eastern District of Pennsylvania Court's September 24, 2007 Order transferring this case to the Middle District of Pennsylvania, within which to move for admission before this Court.  Accordingly, we will recommend that the District Court issue a show cause order to Mr. Marcone regarding his practicing before this Court without admission to it.

In the March 6, 2008 Notice of Respondents (Doc. 12), Respondents request that the Habeas Petition be dismissed as moot, since the Petition challenged Petitioner's continued detention by BICE, and BICE has now ordered Petitioner's release pursuant to an Order of Supervision on March 4, 2008. (Doc. 12, Ex. 1). A review of the instant Petition reveals that Petitioner did not challenge his final Order of Removal in this case. As stated, Petitioner clearly was challenging his removal order to the BIA and then to the Third Circuit while his present Petition was pending. Rather, Petitioner challenged his continued detention by BICE since September 2006, and he sought his immediate release from custody. (*See* Doc. 1, p. 5). As stated, at the time of filing of this case, Petitioner's challenge to his Removal Order from the United States to Liberia was still pending. However, on January 30, 2008, Petitioner's appeal to the Third Circuit was terminated due to default. (Doc. 11, Ex. D). Thus, Petitioner's Removal Order appears to now be final. In any event, Petitioner had a custody review by BICE on October 31, 2007, and it was determined that his detention should be continued since he was found to be a flight risk. (Doc. 11, Ex. E). Petitioner's case was then transferred to HQPDU on February 4, 2008. As of February 29, 2008, BICE was in the process of scheduling another custody review for Petitioner. (Doc. 11, p. 3). At this time, BICE was also in the process of obtaining a travel document for Petitioner from the Liberian Consulate. (Doc. 11, Ex. F).

It now appears that BICE has given Petitioner another custody review after jurisdiction of his case was transferred to HQPDU, and that on March 4, 2008, an Order of Supervision was issued releasing Petitioner from BICE custody with no bond required. (Doc. 12, Ex. 1).

5

Basically, in his present Habeas Petition, Petitioner asserted that he requested his release from custody from BICE's continued custody commencing in September 2006, and that at the time of his Petition's filing, his appeal of the IJ's removal order was pending with the BIA. Petitioner essentially contended in his Petition that his continued detention by BICE violated his due process rights, and in his Traverse, he claimed that he should be released since there was no reasonable expectation that he will be removed to Liberia in the foreseeable future. Petitioner also seemed to contend that he should be released from custody by BICE pending his appeal of his Removal Order since he was not a flight risk or a danger to the community if he is released, and due to his daughter's health. (Doc. 8).

## II. Discussion.

### A. Exhaustion of BOP Administrative Remedies

Respondents contend that (Doc. 11, p. 5) Petitioner did not state that he has exhausted his administrative remedies with respect to the claim presented in his instant Petition regarding his challenge to BICE's continued detention of him as required. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) (It is well-settled that before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted). (Doc. 1). Respondents argue that after Petitioner's case was transferred to HQPDU, he did not request a custody review to determine whether there was a significant likelihood that he would be removed to Liberia in the reasonably foreseeable future, as he could have under § 241.13. (Doc. 11, p. 7).

If a prisoner does not exhaust available remedies, the petition should be dismissed. *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL

21635306 (5th Cir.); and *Lindsay v. Williamson*, Civil No. 07-808, M.D. Pa., (7-26-07 Memo, J. Caldwell), slip op. p. 4.

As the Court stated in *Van v. BICE*, 2007 WL 1703415, * 2 (M.D. Pa.):

> Following *Zadvydas*, regulations were promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

We agree with Respondents and find that Petitioner has not sufficiently exhausted his remedies prior to his release. (Doc. 11, pp. 4-7). However, we shall not recommend that Petitioner's Habeas Petition be dismissed for failure to exhaust his Administrative remedies under §241.13 by filing a request for release with HQPDU, since this relief would now appear to be moot in light of the March 4, 2008 release of Petitioner on an Order of Supervision.

B. *Mootness of Petition*

As stated, it is undisputed that on March 4, 2008, Petitioner was granted Release without Bond by BICE and he was released from confinement. In his Habeas Petition, Petitioner sought his immediate release from BICE custody (Doc. 1, p. 5). This Petition is now moot, as Respondents contend. (Doc. 12, Ex. 1). Respondents' evidence indicates that Petitioner has been ordered released from BICE custody on March 4, 2008, and the posting of a bond was not required. Thus,

7

Respondents argue that Petitioner's present challenge to his continued detention at YCP is moot. Respondents state that, since Petitioner has now been ordered released from BICE custody on March 4, 2008, as he requested in his Habeas Petition, the present Habeas Corpus Petition is moot.

Since Petitioner has now been ordered released from BICE custody on March 4, 2008, we find that the present Habeas Corpus Petition is moot and should be dismissed.  (Doc. 12).

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition.  Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution."  *Id*. at 7.  In the present case, Petitioner originally sought habeas relief seeking release from BICE's custody while his appeals of his removal order were pending, and in his supplemental filings, after his appeals, he claimed that BICE violated his due process rights by detaining him beyond the presumptively reasonable removal period and by not releasing him despite the fact that his removal to Liberia was not reasonably foreseeable any time soon.  Thus, Petitioner claimed he was being unlawfully detained. The question arises now as to whether Petitioner's claims are moot since he has now been ordered released by BICE upon without the posting of a bond.  In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit.  This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision."  *Id*. (Citations omitted).  Because Petitioner is no longer being detained and he did not have to post a bond, and since he was found to be a suitable alien for release from custody, he was released by

BICE from custody and his release cannot be simply revoked at any time and for any reason. Rather, Petitioner is under conditions of release contained in his Order of Supervision.

Accordingly, we find that Petitioner's order that he be released from federal custody without the posting of a bond truly constitutes an end to his detention.  Petitioner is no longer threatened with any actual injury traceable to the Respondent and likely to be redressed by a favorable decision by this Court.  Thus, there is no longer any case or controversy presented by Petitioner's Habeas Corpus Petition.  We therefore conclude that Petitioner's Habeas Corpus Petition should be dismissed as moot as Respondents request.  *See Cox v. McCarthy*, 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible).

Moreover, in his Habeas Petition, the Petitioner requested as relief that he be released from BICE custody during the appeal process regarding his removal order.   (Doc. 1, p. 5).  As stated, it appears as thought the appeal process is over as of the January 30, 2008 termination of Petitioner's Petition for Review by the Third Circuit.  We find that Petitioner will not still suffer from an actual injury from the Respondents now that he has been ordered released from federal custody, and we find that there is no longer a case or controversy presented.  The Petitioner's claims are moot since he has been ordered released by BICE and is no longer being detained, and there are no longer any collateral consequences as a result of the BICE's detention of him.  *See Williams v. Sherman*, 214 Fed. Appx. 264 (3d Cir. 2007); *Hinton v. Miner*, 138 Fed. Appx. 484 (3d Cir. 2005); and *Ruiz v. Smith*, Civil No. 05-2412, M.D. Pa. (4-5-07 Order, J. Nealon) (Petitioner's release from BOP custody rendered habeas petition moot even though Petitioner was placed on supervised release).

In the Third Circuit case of *Chong v. INS*, 264 F. 3d 378 (3d Cir. 2001), the Court dealt with the issue as to whether an alien's § 2241 habeas petition was moot when she was no longer in INS custody and deported from the United States.  The Court found sufficient collateral consequences flowed from the alien's appeal of the BIA's order of removal, since the removal order prevented the alien, as an aggravated felon, from reentering the United States for ten (10) years.  *Id*. at 384-86. Thus, if the BIA's decision were reversed by the Court in *Chong*, the Attorney General could exercise his discretion to grant withholding of removal and allow the alien to reenter the United States.  *Id*. at 386.  In *Chong*, the Court also discussed the four (4) exceptions to the mootness doctrine, which allow judicial review.  These exceptions are:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id*. at 384. (citation omitted).

Petitioner does not argue that any exceptions to the mootness doctrine apply in his case.

We find that, based on the above discussion, Petitioner's Habeas Petition is moot regarding his attack on his continued detention.  Because the Petitioner's habeas corpus claim is now moot, we shall recommend that his Habeas Petition be dismissed.

**III.  Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus be dismissed as moot.  It is further recommended that the District Court issue a show cause order to Mr. Marcone regarding his practicing before the Middle District of Pennsylvania without being admitted to this Court.




<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 10, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALIM SILLAH, | : | CIVIL ACTION NO. **4:CV-07-2005** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN, York County Prison | : | |
| Immigration Division, et al., | : | |
| | : | |
| Respondents | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 10, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                      **s/ Thomas M. Blewitt**

                                                      **THOMAS M. BLEWITT**

                                                      **United States Magistrate Judge**


**Dated: March 10, 2008**